**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LISA SYVERTSON SHANAHAN, | Civil No. 12-2898 (NLH/KMW) |
| Plaintiff, | |
| v. | **ORDER** |
| THE DIOCESE OF CAMDEN, | |
| Defendant. | |

**HILLMAN, District Judge**

This matter having come before the Court by way of Plaintiff's motion [Doc. No. 22] for default judgment against Defendant the Diocese of Camden (hereinafter, "the Diocese"); and

The Court noting that after the complaint in this action was filed on May 15, 2012, the Diocese filed a motion [Doc. No. 6] for summary judgment; and

The Court having denied the Diocese's motion for summary judgment without prejudice by Opinion and Order[1] dated June 27, 2013 [Doc. Nos. 14, 15]; and

Plaintiff now seeking default judgment on the basis that the Diocese allegedly failed to answer Plaintiff's complaint within fourteen (14) days of the denial of the Diocese's motion for summary judgment, (see Pl.'s Mot. for Default J. [Doc. No. 22] ¶

---

[1] On July 11, 2013, the Diocese filed a motion [Doc. No. 17] for reconsideration of the Court's June 27, 2013 Opinion and Order denying summary judgment without prejudice. That motion is currently pending before the Court.

4]; and

The Court noting that under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process--first, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court, F̲ED̲. R. C̲IV̲. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court for such relief, F̲ED̲. R. C̲IV̲. P. 55(b), see Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 F. App'x 519, 521 n.1 (3d Cir. 2006); and

The Court noting that Plaintiff has by-passed the first step of the process by failing to request the entry of default by the Clerk of the Court pursuant to Rule 55(a); and

The Court finding that Plaintiff's motion for default judgment cannot be granted in the absence of a prior entry of default against Defendant by the Clerk of the Court, see Nationwide Mut. Ins. Co., 175 F. App'x at 521 n.1 (recognizing that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); and

It appearing to the Court that to date, the Diocese has not yet filed an answer to Plaintiff's complaint.

2

Accordingly,

IT IS on this ___5th___ day of ___August___, 2013, hereby

**ORDERED** that Plaintiff's motion [Doc. No. 8] for default judgment shall be, and hereby is, **DENIED**; and it is further

**ORDERED** that Defendant the Diocese of Camden is directed to **ANSWER** Plaintiff's complaint within **fourteen (14)** days of the date of this Order; and it is further

**ORDERED** while the motion for reconsideration is pending before this Court, that the parties shall proceed with this litigation by participating in an initial scheduling conference before the Honorable Karen M. Williams, United States Magistrate Judge, by commencing discovery in this action, and by complying with any further Orders entered by the Court.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |