UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LISA SYVERTSON SHANAHAN,                  Civil No. 12-2898 (NLH/KMW)

            Plaintiff,

                                   **OPINION**

    v.

THE DIOCESE OF CAMDEN,

            Defendant.

**APPEARANCES:**

Daniel P. Hartstein, Esquire
Liberty View
457 Haddonfield Road
Suite 310
Cherry Hill, New Jersey 08002
    *Attorney for Plaintiff Lisa Shanahan*

William J. DeSantis, Esquire
Ballard Spahr LLP
210 Lake Drive East
Suite 200
Cherry Hill, New Jersey 08002
    *Attorney for Defendant the Diocese of Camden*

**HILLMAN, District Judge**

    This matter comes before the Court by way of Defendant the Diocese of Camden's motion [Doc. No. 17] made pursuant to Local Civil Rule 7.1(i) seeking reconsideration of the Court's June 27, 2013 Opinion and Order denying Defendant's motion [Doc. No. 6] for summary judgment without prejudice.  The Court has considered the parties' submissions and decides this matter

pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion for reconsideration will be denied.


I.    **JURISDICTION**

The Court exercises jurisdiction in this case pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.


II.   **BACKGROUND**

The facts of this case are set forth in detail in the Court's June 27, 2013 Opinion, and because the Court writes primarily for the parties, only those facts relevant to the resolution of Defendant's motion for reconsideration are summarized here.  In this case, Plaintiff alleges that as a child she was sexually abused from approximately 1980-1981 by an ordained Catholic priest, Father Thomas Harkins ("Harkins"), who was employed by the Diocese of Camden ("the Diocese") and served as a priest at St. Anthony of Padua Catholic Church in Hammonton, New Jersey during the relevant time period.  Based on the alleged sexual abuse she suffered as a child, Plaintiff brought the present action asserting claims against the Diocese for: (1) liability under New Jersey's Child Sexual Abuse Act

(the "CSAA" or the "Act") in Count I; (2) negligence with respect to the Diocese's retention and supervision of Harkins in Count II; and (3) breach of fiduciary duty in Count III.

Plaintiff filed her complaint in this action on May 15, 2012, and counsel for the Diocese entered an appearance on July 25, 2012.  Subsequently, the Diocese filed a motion for summary judgment on September 10, 2012, prior to any discovery in this case.  By Opinion and Order dated June 27, 2013, the Court denied the Diocese's motion for summary judgment without prejudice.  (See generally Op. [Doc. No. 14], June 27, 2013; Order [Doc. No. 15] 1, June 27, 2013.)  It is the Court's denial of summary judgment without prejudice for which the Diocese now seeks reconsideration.

**III. <u>DISCUSSION</u>**

In this district, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides in relevant part, that "[a] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  L. CIV. R. 7.1(i).  Local Rule 7.1(i) further provides that the party moving for reconsideration must submit a "brief setting forth

concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. CIV. R. 7.1(i).  A motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly.'" Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co., No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)).

The purpose of a motion for reconsideration "'is to correct manifest errors of law or fact or to present newly discovered evidence.'"  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). In seeking reconsideration, the moving party bears a heavy burden, and the motion can only be granted if the party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.

Reconsideration is not appropriate, however, where the motion only raises a party's disagreement with the Court's

4

initial decision.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also Schiano v. MBNA Corp., No. 05-CV-1771, 2006 WL 3831225, *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, ..., and should be dealt with through the normal appellate process[.]") (citations omitted); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration].").

As another court in this District meticulously explained, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through — rightly or wrongly.'"  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted), reversed on other grounds, 989 F.2d 635 (3d Cir. 1993).  That is to say "[e]ach step of the litigation should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." Oritani, 744 F. Supp. at 1314.  Accordingly, "courts in this

District routinely deny motions for reconsideration that simply re-argue the original motion." Altana Pharma AG v. Teva Pharm. USA, Inc., No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009).

Moreover, "[n]ot only are ... motions [for reconsideration] not a substitute for the appellate process, such motions are not an opportunity to argue what *could have been, but was not*, argued in the original set of moving and responsive papers." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (emphasis added). The parties to the suit must recognize that "the initial motion is the 'main event,' not a 'tryout on the road' to a motion for re[consideration]." Id. (citation omitted). "As th[e] language [of Rule 7.1(i)] implies, 'a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.'" A & L Indus., Inc. v. P. Cipollini, Inc., No. 12-7598, 2013 WL 6145766, *1 (D.N.J. Nov. 21, 2013) (citations omitted).

"In other words, a motion for reconsideration is not a vehicle for a party to raise arguments that were effectively waived by being omitted from that party's original briefs." Id.

6

A party "cannot use Local Civil Rule 7.1(i) to raise new arguments in order to get a second bite at the apple." Id. (citing <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994) ("The purpose of the [reconsideration] rule ... is to encourage parties to present their positions as completely as possible, and to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions.")

IV.  **<u>ANALYSIS</u>**

The Diocese now moves for reconsideration of the Court's June 27, 2013 Opinion and Order denying its summary judgment motion without prejudice.  In seeking reconsideration, the Diocese does not contend that there has been an intervening change in the controlling law, nor does the Diocese claim the availability of new evidence that was not available at the time of the Court's initial decision on summary judgment.  <u>See</u> <u>Max's Seafood</u>, 176 F.3d at 677.  Here, the Diocese asserts that reconsideration is necessary to "correct manifest errors of law or fact."  (Mot. for Reconsideration of Def. The Diocese of Camden [Doc. No. 17-1] (hereinafter "Diocese's Mot."), 2)

(citing Max's Seafood, 176 F.3d at 677).

The Diocese makes two primary arguments in support of reconsideration.  Initially, the Diocese contends that reconsideration is warranted because the Court overlooked the Diocese's argument that Plaintiff's claims are barred by the statute of limitations, even if the CSAA is applicable, since her cause of action accrued, at the latest, in 2004.  (Diocese's Mot. 3.)  Additionally, the Diocese argues that the Court committed a "manifest error of law" by "not following" the New Jersey Supreme Court's decision in Hardwicke v. American Boychoir School, 902 A.2d 900 (N.J. 2006), in refusing to dismiss Plaintiff's CSAA claim with respect to the "within the household" inquiry.  (Id. at 7.)

Plaintiff opposes the Diocese's motion for reconsideration and argues generally that the Diocese has failed to even "remotely satisfy" the reconsideration standard because the motion simply "rehashes old arguments, improperly argues the weight and credibility of the evidence, and fails to apply the inferences that must be afforded to Plaintiff as the non-movant" on summary judgment.  (Pl.'s Br. in Opp'n to Def.'s Mot. for Reconsideration [Doc. No. 23] (hereinafter, "Pl.'s Opp'n"), 2.)  Although reply papers are ordinarily not permitted with respect

to motions for reconsideration, the Court granted the Diocese's request to file a reply brief [Doc. No. 30] in support of reconsideration. The Diocese's reply asserts that discovery is unnecessary here to determine the statute of limitations issue, that Plaintiff's subjective statements and characteristics are not relevant to the discovery rule, that the statute of limitations cannot be tolled where Plaintiff failed to act diligently, and that Plaintiff ignores controlling case law on the "within the household" inquiry. (Diocese's Reply [Doc. No. 30] 1-4.)

**A.   The Statute of Limitations Under the CSAA**

In the present motion for reconsideration, the Diocese argues that the Court "failed to decide the statute of limitations issue raised by the Diocese in its [original summary judgment] motion — namely, that even if the Child Sex[ual] Abuse Act ... applies to the Diocese, the statute of limitations still bars all of [P]laintiff's claims." (Diocese's Mot. 1.) According to the Diocese, it "moved for summary judgment based, in part, on" the fact that Plaintiff allegedly complained of her abuse to Diocesan representatives in 2004 and "sat on her rights and did not file suit against the Diocese for another eight years." (Id.) Specifically, the Diocese points to five

telephone calls Plaintiff made in 2004 to Diocesan representatives allegedly for the purpose of discussing the abuse.  (Id.)  The Diocese asserts that Plaintiff was told during these conversations "that there had been other complaints against the offending priest and that he had been removed from the ministry in 2002."  (Id.)  The Diocese further asserts that Plaintiff "was also offered counseling at the Diocese's expense, but decline that offer."  (Id.)

Upon seeking reconsideration, the Diocese claims that its original motion for summary judgment "easily established a prima facie case for dismissal given the staleness of the claim and the complaints made in 2004."  (Id.)  The Diocese takes the position that it argued on summary judgment that even "[a]ssuming the truth of the facts pleaded by plaintiff in her complaint and certification, and under the 'reasonable discovery' standard of the CSAA, plaintiff's telephone conversations with the Diocese in 2004 are conclusive evidence that the 'outside date' for the accrual of her claim was 2004."  (Id. at 7.)  Thus, the Diocese contends that "[t]he court's failure to consider this argument and dismiss the case was a clear error of law which should be corrected by granting this motion for reconsideration and dismissing the complaint."  (Id.)

According to the Diocese, the Court's June 27, 2013 Opinion made "no mention ... of [the Diocese's] argument that, even under the Child Sexual Abuse Act, ... [Plaintiff's] claims are time barred." (Id. at 4) (citing Op. [Doc. No. 14] 19, June 27, 2013).  Thus, the Diocese takes issue with the Court's finding that the statute of limitations question under the common law should be addressed following discovery on Plaintiff's CSAA claim.  (Id. at 4.)  The Diocese argues that "discovery is unnecessary because - even assuming the truth of plaintiff's explanation for her failure to file a timely suit — plaintiff's claims are barred by the statute of limitations under *both the CSAA* and N.J.S.A. 2A:14-2." (Id.) (emphasis added).  The Diocese contends that reconsideration is necessary "[b]ecause the court did not rule on this issue" under the CSAA.  (Id. at 3.)

Despite the Diocese's insistence that that Court overlooked the argument that the statute of limitations barred Plaintiff's suit even if the CSAA applied, a careful review of the Diocese's brief [Doc. No. 6-1] in support of the original motion for summary judgment reveals that the Court did not overlook this argument at all.  Rather, the Diocese failed to present this argument to the Court in support of granting summary judgment on

the CSAA claim in the first instance.  The Diocese's original moving brief makes clear that the Diocese did not specifically and adequately articulate this alternative argument.

Instead, with respect to liability under the CSAA, the original brief in support of summary judgment only proffered arguments regarding the overall *inapplicability* of the Act itself to the facts of Plaintiff's case.  The Diocese did not clearly and adequately articulate an argument that Plaintiff's suit was time-barred under the liberal accrual and broad tolling provisions of the CSAA even if the Act did apply.  For example, after defining "sexual abuse" under the CSAA and setting forth the distinction between active abusers and passive abusers, the Diocese began the Legal Argument portion of its brief on page four with the phrase "in order for the CSAA to *apply* to the Diocese[.]"  (Diocese's Summ. J. Br. [Doc. No. 6-1] 4) (emphasis added).  The use of this phrase demonstrates that the Diocese was couching its CSAA argument in terms of the inapplicability of the Act, without regard to the statute of limitations.

The remainder of Section I of the Diocese's brief continued on and only addressed (1) whether the Diocese stood *in loco parentis* to Plaintiff and (2) whether the Diocese could be considered within Plaintiff's household, as required under the

Act, pointing to cases Defendant believed supported its position on each issue.  (Id. at 4-6.)  The words "statute of limitations" do not appear anywhere in the portion of the Diocese's brief dedicated to obtaining summary judgment on the CSAA claim from pages four through six.  (Id.)  Moreover, Section I of the brief concludes with the following sentence: "Since, as a matter of law, the Diocese did not stand *in loco parentis* within [P]laintiff's household, Count I should be dismissed."  (Id. at 6.)  While the Diocese now takes the position that it argued the CSAA statute of limitations issue from the outset, the Court finds that the original brief in support of summary judgment did not adequately raise an alternative argument that Plaintiff's suit would be time-barred even assuming the applicability of the CSAA.[1]

_____

[1]   The Court notes that the first page of the Diocese's original moving brief in support of summary judgment states as follows: "Therefore, since all of plaintiff's claims are time barred, the court should grant this motion for summary judgment."  (Diocese's Summ. J. Br. 1.)

As a threshold matter, the Court finds that this generalized, unspecified, and conclusory sentence contained only in the "Preliminary Statement" of the brief is inadequate to sufficiently raise a statute of limitations challenge under the CSAA.  This sentence contains no citations to the Act, makes no mention of the Act's liberal accrual and broad tolling provisions, and completely fails to apply the facts of this specific case to the law in order to support a finding that Plaintiff's CSAA claim was timed-barred.

Moreover, this sentence is the concluding sentence of a

The absence of this alternative CSAA statute of limitations argument from the Diocese's original brief in support of summary judgment is readily apparent when the Court considers what analysis should have been proffered - but was not – in support of such an argument.  A cause of action under the CSAA accrues "'at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse[.]'"  R.L. v. Voytac, 971 A.2d 1074, 1081 (N.J. 2009).  "Thus, the statute of limitations for a cause of action pursuant to the [CSAA] is two years 'after reasonable discovery.'"  Id.; see also N.J. Stat. Ann. § 2A:61B-1(b) ("In any civil action for injury or illness

---

paragraph which begins by addressing only Plaintiff's "common law claims for negligent retention and breach of fiduciary duty" and arguing that there was "no factual or legal basis for the court to toll the statute [of limitations] based on fraudulent concealment."  (Id. at 1.)  That paragraph goes on to assert that even if the doctrine of fraudulent concealment applied, Plaintiff's 2004 report to the Diocese "cuts off any tolling period."  (Id.)  It is thus clear that the true focus of the concluding sentence related to the statute of limitations for Plaintiff's common law claims, not on her CSAA claim.

The Court's interpretation of this concluding sentence as only applying to the common law claims is also consistent when considered in context to the preceding paragraph.  That preceding paragraph specifically asserts that Plaintiff was only relying on the CSAA in order to take advantage of the Act's liberal tolling provisions in order "[t]o avoid the obvious bar of the statute of limitations[.]"  (Id.)  The remainder of that paragraph, rather than arguing the CSAA statute of limitations issue, argues more comprehensively that the CSAA is not applicable to the facts of this case.  (Id.)

based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse.  Any such action shall be brought within two years after reasonable discovery."). "[I]n addition to a flexible statute of limitations, the Act [also] contains a broad tolling provision[.]"  Id.  The CSAA specifically provides that

> [n]othing in th[e] act is intended to preclude the court from finding that the statute of limitations was tolled in a case because of the plaintiff's mental state, duress by the defendant, or *any other equitable grounds*. Such a finding shall be made after a plenary hearing. At the plenary hearing the court shall hear all credible evidence and ... may order an independent psychiatric evaluation of the plaintiff in order to assist in the determination as to whether the statute of limitations was tolled.

N.J. STAT. ANN. § 2A:61B-1(c).

Thus, where a defendant is challenging not only the inapplicability of the CSAA itself to the facts of a particular case, but also whether the CSAA's statute of limitations bars suit even assuming it is applicable, a defendant would need to provide the Court with an analysis of when a plaintiff's CSAA cause of action accrued.  Accrual is a two-part inquiry necessitating scrutiny of "the time of reasonable discovery of" both: (1) the injury itself, and (2) the injury's "causal

relationship to the act of sexual abuse." N.J. STAT. ANN. §
2A:61B-1(b).  The Court would also expect the defendant to
preempt or counter any arguments that the statute of limitations
was tolled for some period of time after accrual.

In this case, the Diocese's original brief in support of
summary judgment does not even set forth the appropriate
standard for considering accrual under the CSAA's statute of
limitations, let alone make the argument that Plaintiff's claims
are time-barred under Section 2A:61B-1(b).  There is no mention
of the reasonable discovery of both Plaintiff's injury and how
that specific injury is causally related to an act of sexual
abuse in order to demonstrate that accrual has occurred under
the Act.  The Diocese also fails to address in any meaningful
way why Plaintiff's suit would not have been tolled by the broad
provisions of the Act.

Quite tellingly, after concluding that Count I should be
dismissed because the Diocese did not stand *in loco parentis*
within Plaintiff's household, the Diocese's brief continues on
in Section II and asserts that because "the CSAA is *not
applicable*, [P]laintiff *cannot* take advantage of the liberal
accrual and tolling provisions of the statute." (Diocese's
Summ. J. Br. [Doc. No. 6-1] 7) (emphasis added).  Then the

16

Diocese expressly argues that "[i]nstead, [P]laintiff's remaining claims ... are governed by N.J.S.A. 2A:14-2, which requires that plaintiff file suit within two years of the accrual of her cause of action." (Id.)  The correlation between these two sentences only further demonstrates that the Diocese did not make an alternative argument with respect to the CSAA's statute of limitations.  Rather, in its attempt to defeat Count I of the complaint, the Diocese "put all of its eggs in one basket" and argued solely that the CSAA was inapplicable here. The Diocese assumed that the Court would find in its favor on the inapplicability argument and grant summary judgment on the CSAA claim.  Therefore, the remainder of the Diocese's argument utilized the general statute of limitations set forth in Section 2A:14-2 to attack the viability of Plaintiff's only "remaining claims" against the Diocese for negligent retention and supervision (Count II), and breach of fiduciary duty (Count III).[2]  (Id.)

_____

[2]    The Court explicitly recognized the nature of Diocese argument in the June 27, 2013 Opinion explaining that "[w]ith respect to Count I for liability under the CSAA, the Diocese argues that this claim should be dismissed as a matter of law because the Diocese did not stand *in loco parentis* within Plaintiff's household.  Proceeding on the assumption that the CSAA is not applicable here, the Diocese further argues that Plaintiff's remaining common law claims for negligent retention and supervision and breach of fiduciary duty are barred by the

To the extent the Diocese now claims that it argued in the alternative at the summary judgment stage that Plaintiff's suit was time-barred under the Act's liberal accrual and broad tolling provisions even assuming the CSAA applied, the Court finds this claim disingenuous.  In the motion for reconsideration, the Diocese has mischaracterized the nature of the arguments made in its opening brief for summary judgment in what amounts to an improper attempt "to ask the Court to rethink what it has already thought through – rightly or wrongly." See Oritani Sav., 744 F. Supp. at 1314.  This is not the purpose of a motion for reconsideration.  As the preceding review of the opening brief makes clear, this alternative CSAA statute of limitations argument was not presented to the Court on summary judgment, and thus could not have been overlooked by the Court.

Accordingly, the Court finds that reconsideration is not warranted on this issue because the instant motion attempts to raise an argument that the Diocese effectively waived at the time it sought summary judgment.  Cf. A & L Indus., 2013 WL 6145766, at *1.  In seeking reconsideration, the Diocese essentially seeks an impermissible second bite at the apple.

---

relevant two-year statute of limitations for such claims." (Op. 8)(citations omitted).

18

<u>See</u> <u>id.</u> (observing that Local Rule 7.1(i) cannot be used "to raise new arguments in order to get a second bit at the apple."); <u>see also</u> <u>Jones</u>, 158 F.R.D. at 314) ("The purpose of the [reconsideration] rule ... is to encourage parties to present their positions as completely as possible, and to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions.")  The Diocese has failed to meet its burden on reconsideration, and given that reconsideration is "an extremely limited procedural vehicle" and that requests for reconsideration "are to be granted sparingly", <u>see</u> <u>Langan</u>, 2008 WL 4330048, at *1, the Court must deny the motion on this issue.[3]

---

[3]     In support of the argument that the Diocese "asserted that [P]laintiff's claims are barred by the statute of limitations, under [either] the CSAA or N.J.S.A. 2A:14-2," the Diocese cites to pages eight and nine of its original moving brief [Doc. No. 6-1] in support of summary judgment, as well as pages nine and ten of its reply brief [Doc. No. 12] in further support. (Diocese's Mot. 3.)
     Pages eight and nine of the original moving brief do not make a statute of limitations argument under the CSAA, and these pages clearly refer to the statute of limitations under Section 2A:14-2 for Plaintiff's common law claims.  Significantly, on page nine the Diocese argues that "[s]ince [P]laintiff did not file suit for more than eight years after these [telephone] calls, Counts II and III of the complaint should ... be dismissed since they are time barred." (Diocese's Summ. J. Br. [Doc. No. 6-1] 9.)  There is absolutely no mention of Count I for CSAA liability being time barred under the Act.

## B. Propriety of Court's Interpretation of <u>Hardwicke</u>

In further support of the present motion for reconsideration, the Diocese also contends that the Court committed a "manifest error of law" by "not following" the New Jersey Supreme Court's decision in <u>Hardwicke v. American Boychoir School</u>, 902 A.2d 900 (N.J. 2006) when the Court failed to dismiss Plaintiff's CSAA claim with respect to the "within the household" inquiry.  (Diocese's Mot. 3.)  After careful review of the motion for reconsideration, it is clear that the Diocese's entire argument with respect to the <u>Hardwicke</u> case amounts to nothing more than a disagreement with the Court's interpretation of that case in rendering the opinion denying the original motion for summary judgment.  The Diocese uses the remainder of its brief in support of reconsideration to reargue the precise "within the household" inquiry that the Court analyzed and ruled upon in denying summary judgment.

As set forth above, a motion for reconsideration is not the

_____

To the extent the Diocese's reply brief [Doc. No. 12] may be construed to address accrual under the CSAA, the Court notes that the Diocese's argument fails to apply the proper standard for accrual under the CSAA as set forth above and only superficially addresses this inquiry in response to Plaintiff's opposition argument.  Accordingly, this portion of the Diocese's reply brief was insufficient to resolve this issue on summary judgment.

proper vehicle to reargue the same argument and express disagreement with the Court's prior ruling.  That should be handled in the normal appellate process, and not through a motion for reconsideration.  <u>See, e.g.</u>, <u>Schiano</u>, 2006 WL 3831225, at *2; <u>Compaction Sys. Corp.</u>, 88 F. Supp. 2d at 345; <u>Florham Park Chevron</u>, 680 F. Supp. at 163.  Because this portion of the Diocese's motion simply reargues the original motion, it will be denied. <u>See</u> <u>Altana Pharma</u>, 2009 WL 5818836, at *1.


**V.   <u>CONCLUSION</u>**

For the foregoing reasons, Defendant the Diocese of Camden's motion for reconsideration is denied.  An Order consistent with this Opinion will be entered.


Dated:  March 21, 2014                s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

21